FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2014

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

'14 — CV — 01771

Civil Action No. _____

JULIE CULWELL, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF LARRY BRANDT

    Plaintiff,

v.

WALGREEN COMPANY, D/B/A WALGREENS #9561

    Defendants.

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Julie Culwell (hereinafter, "Ms. Culwell" or "Plaintiff") files her Complaint against Defendant Walgreen Company (hereinafter, "Defendant"), complaining of the following:

### I
### NATURE OF ACTION

1. Plaintiff Julie Culwell trusted Defendant Walgreen Company and its pharmacist to act prudently when she had her uncle Larry Brandt's prescription drug medication filled at the Walgreens Store No. 9561, located at 140 Paradise Circle, Woodland Park, CO 80863, on November 17, 2011. The pharmacist carelessly and recklessly filled Mr. Brandt's medication Amitriptyline Hydrochloride ("Amitriptyline") with knowledge that it was contraindicated with Selegiline Hydrochloride ("Selegiline") and other drugs which were prescribed to her uncle, Mr. Brandt.

2. Walgreen fulfilled its duties when it accurately filled her late uncle's lawful prescriptions, but failed to warn him or his doctors of the dangerous and possible fatal interaction such a combination of prescriptions might cause.

3. The prescriptions were lawful and were filled accurately; however, in combination, they had potentially lethal effects. The pharmacist did not advise Mr. Brandt, Mr. Brandt's caregiver, his doctors, or prescribing physician of this fact.

4. The Defendant is negligent and failed to exercise reasonable care in filling the combination of prescriptions, which when taken together will have the same result as compounding the prescription improperly.

5. The Defendant is negligent and failed to exercise reasonable care in failing to warn Mr. Brandt of adverse results of taking the prescriptions in combination with each other.

6. The Defendant is negligent and failed to exercise reasonable care in failing to warn Mr. Brandt of the dangers of taking Selegiline at a dose 3 times the FDA allowable recommendation.

7. From November of 2011 to February of 2012, the prescription drugs interacted, causing Mr. Brandt's suffering and eventual death from complications of multiple drug toxicity.

8. The Walgreen pharmacy had breached its duty of care by failing to check the various prescriptions for interactions, failing to warn or counsel Mr. Brandt, or failing to consult Mr. Brandt's prescribing physician, or failing to refuse to fill the prescriptions.

## II.
## PARTIES

9. The Plaintiff's decedent, Larry Brandt, was a resident of the State of Colorado residing at the address of 331 E. Henrietta Avenue, Woodland Park, Colorado, 80863 at the time of his death on February 16, 2012.

10. Julie Culwell is decedent's niece and was appointed as Personal Representative of the Estate of her uncle, Larry Brandt, in Teller County District Court probate action number 2014-PR-02.

11. Walgreen Company (hereinafter "Walgreens") is a foreign corporation and has its principal corporate headquarters at 200 Wilmot Road, Deerfield, Illinois 60015. Its registered agent for service of process is Prentice-Hall Corporation System, 1560 Broadway Ste 2090, Denver, CO 80202.

12. At all times relevant to this case, Walgreens was the owner of a Walgreens Drug Store Walgreens #9561, located at 140 Paradise Circle, Woodland Park, CO 80863. Defendant Walgreen Company is authorized to do business and is doing business in the State of Colorado as Walgreens #9561.

## III.
## JURISDICTION AND VENUE

13. Defendant, Walgreen Co. is, and at all times material hereto was, a corporation organized and existing under the laws of the state of Illinois, with its principal place of business in Deerfield, Illinois. Walgreens is a citizen of the state of Illinois and is conducting business in the state of Colorado.

14. This Court has subject matter jurisdiction over this controversy under 28 USC § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ("$75,000.00"), exclusive of interest, attorney's fees and costs, and because Plaintiff and Defendant are citizens of different states complete diversity exists between Julie Culwell and Walgreens.

15. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because the District of Colorado is a judicial district where a substantial part of the events or omissions giving rise to this claim occurred, and because Plaintiff and Plaintiff's decedent suffered injuries and damages within this district.

16. This cause of action is timely filed within two (2) years of the issuance of the Death Certificate on June 28, 2012 under the *discovery rule* for accrual of claims. Investigation into the cause of death of Plaintiff's Decedent revealed Defendant's negligence liability on June 28, 2012, which was undiscoverable by any reasonable means prior to this date.

## IV.
## FACTUAL BACKGROUND

17. Mr. Brandt is a 76 year old retired United States Air Force Pilot who was diagnosed with Parkinson's disease in 2004 by his neurologist.

18. On or about March 2011, Mr. Brandt's family physician began treating his Parkinson's symptoms with Selegiline, and issued a prescription to be filled.

19. He promptly took this prescription to Walgreens Store No. 9561, and had it filled by Defendant on or about March, 2011.

20. From March, 2011 until December, 2011, Mr. Brandt continued to have his prescriptions for Selegiline re-filled at Defendant's Walgreens Store No. 9561.

21. At all times relevant to this Complaint, Defendant Walgreen failed to exercise reasonable care by failing to warn Mr. Brandt of the dangers of taking Selegiline at a dose 3 times the FDA allowable recommendation, which is the dose filled by Defendant.

22. On November 17, 2011, Mr. Brandt was prescribed Amitriptyline for treatment of his Parkinson's related depression.

23. On November 17, 2011, Mr. Brandt promptly took this prescription to Walgreens Store No. 9561, and had it filled by Defendant.

24. On November 17, 2011, and at all times relevant thereafter, Defendant Walgreen failed to exercise reasonable care by failing to warn Mr. Brandt of the dangers of taking Selegiline at a dose 3 times the FDA allowable recommendation, and in combination with Amitriptyline, and failed to warn him or his doctors of the potential adverse drug interactions such a combination of prescriptions might cause.

## COUNT I

### NEGLIGENCE AGAINST DEFENDANT WALGREENS NO. 9561

25. All allegations set forth in paragraphs 1-24 are incorporated herein by reference as though fully set out.

26. Plaintiff's Decedent was not given *patient counseling* with regard to these medications, even though such was required by Colorado State Board of Pharmacy's Pharmacy Rules And Regulations § 3 CCR 719-1 §§1.00.18 which deems such counseling to be a "valuable service" which should be made by the Pharmacist "in a face to face communication with the Patient or Caregiver"

27. Patient counseling may only be offered in another manner if, "in the professional judgment of the Pharmacist, it [face to face counseling] is deemed impractical or inappropriate.

28. Had Plaintiff's Decedent or Caregiver been given counseling, the pharmacist would have noticed the dosage for Selegiline was inappropriate for any patient under FDA guidelines and certainly for an elderly consumer, and that Amitriptyline was regarded as highly **contraindicated**[1] for concurrent administration with Selegiline. Thus, the Defendant pharmacist failed in his judgment to not provide counseling in this case.

29. Plaintiff's Decedent was not given a meaningful Initial Interpretation and Final Evaluation which includes a critical *drug regimen review* with regard to these medications, even though such was required by Colorado State Board of Pharmacy Pharmacy Rules And Regulations § 3 CCR 719-1 §§3.00.50.

---

[1] "A contraindication is a serious limitation on a drug's use, necessarily implying grave consequences if it is ignored." Happel, 262 Ill.Dec. 815, 766 N.E.2d at 1125; see Hand v. Krakowski, 89 A.D.2d 650, 453 N.Y.S.2d 121, 123 (1982) (a contraindication refers to "a circumstance under which the drug must never be given" (quotation omitted)).

30. Had Defendant conducted a meaningful Initial Interpretation and Final Evaluation, the critical *drug regimen review* would have alerted the pharmacist that Amitriptyline was regarded as highly contraindicated for concurrent administration with Selegiline, and would have noticed the dosage for Selegiline was inappropriate for any patient under FDA guidelines and certainly for an elderly consumer.

V.

## AGENCY AND RESPONDEAT SUPERIOR

31. Whenever in Plaintiffs Complaint, it is alleged that Defendant did any act or thing, it is meant that Defendant, itself or agents, officers, partners, servants, employees or representatives did such act or thing and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant to its agents, officers, partners, servants, employees or representatives.

VI.

## CAUSES OF ACTION - PHARMACEUTICAL NEGLIGENCE OF DEFENDANT

32. All allegations set forth in paragraphs 1-31 are incorporated herein by reference as though fully set out.

33. Defendant Walgreen Company committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the damages to Plaintiff.

34. Defendant Walgreen Company owed a legal duty to Plaintiff to properly fill a prescription.

7

35. Defendant Walgreen Company breached the legal duty when its pharmacist negligently filled Plaintiff's Decedent's combination of prescriptions which the pharmacy knows or should know that because of the adverse interactions and contraindications of the prescriptions there is a substantial likelihood that they will cause serious injury or death.

36. Defendant Walgreen Company's breach of the legal duty proximately caused Plaintiffs injuries.

37. The negligence of Defendant Walgreen Company was a direct and proximate cause of Plaintiffs injuries that resulted in damages to Plaintiff in an amount within the jurisdictional limits of this Court.

## VII.
## **DAMAGES**

38. All allegations set forth in paragraphs 1-37 are incorporated herein by reference as though fully set out.

39. As a direct and proximate cause of the actions of Defendant listed above, Plaintiff has suffered damages. These damages include but are not limited to actual damages, attorneys' fees, pre-judgment and post-judgment damages as well as emotional distress and mental anguish and punitive damages.

40. The maximum amount of damages sought by Plaintiff is within the jurisdictional limitations of the Court.

## VIII.
## ATTORNEYS' FEES AND COSTS

41. Plaintiff seeks all reasonable attorneys' fees, court costs and expenses incurred in the prosecution of this suit and allowed by law.

## IX.
## EXEMPLARY DAMAGES

42. Plaintiff seeks exemplary damages for the harm caused by Defendant's willful actions.

## X.
## DEMAND FOR JURY TRIAL

43. Plaintiff requests a trial by jury.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Julie Culwell prays that Defendant Walgreen Company be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendant for the following:

    a. Actual damages (including attorneys' fees, pre-judgment and postjudgment interest)

    b. Costs and expenses of the lawsuit; and

    c. Such other and further relief to which Plaintiff Julie Culwell is justly entitled, whether at law or in equity.

9

Dated: June 24, 2014 in Teller County, Colorado

                                                Respectfully Submitted,

                                                */s/ Julie Culwell*

                                                Julie A. Culwell
                                                331 East Henrietta Avenue
                                                Woodland Park, Colorado 80863
                                                Phone: (719) 687-1777
                                                Fax: (719) 687-1777
                                                julzzzies@aol.com
                                                **Plaintiff - *pro se***