**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-01771-RM-CBS

JULIE CULWELL, as personal representative of the Estate of Larry Brandt,

     Plaintiff,

v.

WALGREENS COMPANY, d/b/a Walgreens #9561,

     Defendant.

---

## ORDER

---

     This diversity matter is before the Court on Plaintiff's Application for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) and Request for Damages Hearing (ECF No. 26, the "Application for Default").  Plaintiff's Application for Default seeks entry of default judgment against Walgreens and further seeks a hearing to determine the amount of damages.  (ECF No. 26.)  Walgreens has not responded to Plaintiff's Complaint (ECF No. 1, the "Complaint"), nor has it responded to the Application for Default.  For the reasons set forth below, the Application for Default is DENIED without prejudice.

**I.     BACKGROUND**

     On May 25, 2014, Plaintiff filed the Complaint alleging that decedent Larry Brandt perished as a result of Walgreens' negligence when the pharmacist at Walgreens No. 9561, located in Woodland Park, Colorado, carelessly and recklessly filled Mr. Brandt's medication Amitriptyline Hydrochloride with knowledge that it was contraindicated with Selegiline

Hydrochloride and other drugs which were concurrently prescribed to Mr. Brandt.  The

Complaint alleges that Walgreens' failure to warn Mr. Brandt of the dangerous and possibly fatal

interaction of such a combination of prescription drugs was the cause of his ultimate demise and

asserts several causes action all sounding in negligence against Walgreens.  The Complaint also

alleges that Walgreens is a foreign corporation with its corporate headquarters located in Illinois

and that Walgreens' "registered agent for service of process is Prentice-Hall Corporation System,

1560 Broadway Ste 2090, Denver, CO 80202."  (ECF No. 1 at ¶ 11.)

Walgreens never filed an answer or moved to dismiss the Complaint.  In a Minute Order

entered by Magistrate Judge Craig Schaffer following a status conference with Plaintiff,

Magistrate Judge Schaffer stated that "Walgreens has been properly served and has not filed a

response."  (ECF No. 20.)  Plaintiff filed a Motion for Default on November 26, 2014 (ECF No.

21) and an Entry of Default was entered by the Clerk of Court on that same day.  (ECF No. 22.)

On February 5, 2015 Plaintiff filed the Application for Default seeking an order from this Court

of default judgment against Walgreens and also requesting a damages hearing.  (ECF No. 26.)

The Application for Default states that Walgreens was served process when "United States

Marshals Service . . . served the Complaint on [Walgreens'] Store Manager, Cynthia Kurtz, on

September 17, 2014."  (*Id.* at ¶2; ECF No. 15.)

## II.     ANALYSIS

The Court first examines whether the Clerk of the Court properly entered default against

Walgreens.  Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default."  As a threshold

showing that a party has failed to "plead or otherwise defend," a party must demonstrate that process was correctly served on the defendant.

Since Walgreens is a corporation, the adequacy of process is determined by reference to Fed. R. Civ. P. 4(h), which provides that process must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, process on a corporation may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which in turn allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). The Colorado rules provide in relevant part that "personal service" may be accomplished

> [u]pon any form of corporation . . . by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
> . . .
>
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

C.R.C.P. 4(e)(4).

A Process Receipt and Return was filed with the Court on September 23, 2014, showing that the U.S. Marshalls Service attempted to serve process on Walgreens on September 17, 2014. (ECF No. 15.)  Specifically, the Process Receipt and Return indicates that Cynthia Kurtz, the "store manager" at the "Walgreens Company, dba Walgreens #9561" located at "140 Paradis Circle, Woodland Park, Colorado 80863" had been served by a U.S. Marshalls Service Deputy. However, there is nothing in the record to indicate that Ms. Kurtz was a proper person for receipt of service for Walgreens.  In fact, Plaintiff's own Complaint lists an entirely different entity as Walgreens' registered agent for service – the Prentice-Hall Corporation System.  (ECF No. 1 at ¶ 11.)

"The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009) (citations omitted).  The record is devoid of evidence demonstrating that Ms. Kurtz is an officer or appropriate agent of Walgreens on whom proper service could be made and who would be an appropriate individual to make those responsible for responding to the suit apprised of its pendency.  *See Id*.  The Court therefore finds that service on Walgreens via Ms. Kurtz was insufficient.  Fed. R. Civ. P. 4(h)(1); C.R.C.P. 4(e)(4).

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P.

4

4(m).  Local Rule 41.1 further authorizes the Court discretion to "issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice."  D.C. Colo. L. Civ. R. 41.1; *see also Pell v. Azar Nut Co., Inc.* 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant") (citing 5 C. Wright & Miller, Federal Practice and Procedures § 1354, 586-87 (1969)).  Because Plaintiff was proceeding *pro se* at the time that she attempted to serve process on Walgreens, because of the Court's earlier determination, and since service is "insufficient but curable," Plaintiff will be allowed an opportunity to properly serve Walgreens with the Complaint.  *Id.*

### III.    CONCLUSION

Having found that Walgreens has not been properly served, it is **ORDERED** that:

1. The Clerk's Entry of Default (ECF No. 22) is **STRICKEN**;

2. The Application for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) and Request for Damages Hearing (ECF No. 26) is **DENIED** without prejudice;

3. Plaintiff shall file proof of proper service on Defendant Walgreens **on or before May 29, 2015** or risk dismissal of Walgreens as a defendant in this matter.

DATED this 24th day of April, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge